IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TOBY DYE**, on behalf of himself and others similarly situated, | ) Case No. 3:23-cv-01329-DWD ) ) Judge David W. Dugan |
| Plaintiff, | ) ) |
| vs. | ) ) |
| **KNIGHT HAWK COAL, LLC, et al.** | ) ) |
| Defendants. | ) ) ) |

**JOINT MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT**

Representative Toby Dye ("Representative Plaintiff") and Defendants Knight Hawk Coal, LLC, Knight Hawk Holdings, LLC, and ICG Illinois, Inc. ("Defendants") (collectively, the "Parties") respectfully move this Court to enter an Order preliminarily approving the Parties' class action settlement agreement under Fed. R. Civ. P. 23(e) (the "Settlement").

In support of this Motion, the Parties submit the following documents:

**Exhibit 1**:   Class Action Settlement Agreement and Release (the "Agreement"); and

**Exhibit 2**:   Declaration of Shannon M. Draher ("Draher Decl.").

The Parties further request that the Court:

    A. Designate Representative Plaintiff as the Class Representative;

    B. Provisionally certify the proposed settlement class;

    C. Preliminarily approve the Representative Plaintiff's request for the service award payments as set forth in the Agreement;

    D. Designate Representative Plaintiff's Counsel as Class Counsel;

    E. Preliminarily approve Representative Plaintiff's Counsel's request for attorneys' fees and litigation expenses;

    F. Appoint Analytics Consulting, LLC as the Settlement Administrator;

G.  Direct distribution of the proposed notice of class action settlement to the Rule 23 Class Members as outlined in the Agreement; and,

H.  Schedule a Fairness Hearing to take place approximately <u>120 days</u> after granting preliminary approval of the Parties' Settlement.

Following the Fairness Hearing, the Parties will request that the Court grant final approval of the Settlement.

As discussed in the Memorandum in Support below, the Settlement is fair, reasonable, and adequate and in the best interest of the Rule 23 Class Members.

Respectfully submitted,

| | |
|---|---|
| **NILGES DRAHER LLC** | **SANDBERG PHOENIX & VON GONTARD P.C.** |
| */s/ Shannon M. Draher* | |
| Shannon M. Draher (0074304) | */s/ Benjamin R. Wesselschmidt (by consent)* |
| 7034 Braucher Street, NW, Suite B | Benjamin R. Wesselschmidt |
| North Canton, Ohio 44720 | A. Courtney Cox |
| Telephone: 330-470-4428 | 600 Washington Ave. – 15th Floor |
| Facsimile: 330-754-1430 | St. Louis, MO 63101 |
| Email: sdraher@ohlaborlaw.com | Telephone: 314-231-3332 |
| | Facsimile: 314-241-7604 |
| *Counsel for Representative Plaintiff and Opt-In Plaintiffs* | Email: ccox@sandbergphoenix.com |
| | bwesselschmidt@sandbergphoenix.com |
| | |
| | **REED, HELLER & CANNELL, LLC** |
| | |
| | Edward J. Heller |
| | Richard L. Blake |
| | 1100 Walnut St. |
| | PO Box 727 |
| | Murphysboro, IL 62966 |
| | Telephone: 618-687-2376 |
| | Facsimile: 618-684-5554 |
| | Email: edheller@rhc.legal |
| | richard@rhc.legal |
| | |
| | *Counsel for Defendants Knight Hawk, LLC, Knight Hawk Holdings, LLC, and ICG Illinois, LLC* |

2

**MEMORANDUM IN SUPPORT**

**I.      Summary of relevant facts.**

     A.      Factual and procedural background.

The Parties have litigated this case for over a year-and-a half. Representative Plaintiff filed the above captioned action on April 24, 2023 (the "Action"). ECF No. 1. Representative Plaintiff filed an Amended Complaint on July 7, 2023, adding Knight Hawk Holdings, LLC and ICG Illinois, LLC as defendants. ECF No. 33. In the Action, Representative Plaintiff claims that Defendants did not pay its underground coal mining employees for certain pre-shift and post-shift work, such as donning and doffing required safety clothing and other protective equipment. Representative Plaintiff alleges that Defendants' failure to pay for this work resulted in unpaid overtime compensation to him and other similarly situated employees in violation of the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"). *Id.* Defendants filed an Answer to the Amended Complaint on August 10, 2023. ECF No. 44.

On August 7, 2023, Representative Plaintiff filed a Motion for Conditional Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs. ECF No. 43. On September 5, 2023, Defendants filed a Response Opposition to the Motion for Conditional Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs. ECF No. 49.

On November 3, 2023, the Parties filed a Joint Motion to Stay Pending Mediation, which the Court granted on November 7, 2023. ECF Nos. 52 and 53. The Parties attended a mediation on May 6, 2024, with well-respected mediator, Michael Geigerman. Draher Decl., at ¶ 11.

To prepare for the mediation, the Parties engaged in informal discovery, which included Defendants' production of the time and payroll records for a random sample of individuals defined as: All current and former hourly employees of Defendants engaged in underground mining at any time after April 23, 2020. Representative Plaintiff's Counsel retained a PhD level data scientist, to

3

analyze the wage and hour data provided by the Defendants and to create a damages model. That damages model was shared with Defendants' Counsel. Draher Decl., at ¶¶ 12-13.

During the mediation, the Parties vigorously debated and discussed their respective legal and factual positions. Unfortunately, the Parties were unable to reach a settlement at the May 6, 2024, mediation. Draher Decl., at ¶ 14. The Court subsequently lifted the stay that was entered on November 7, 2023. ECF No. 57.

On June 21, 2024, the Court entered an Order granting Representative Plaintiff's Motion for Conditional Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs. ECF No. 59. In that Order, the Court conditionally certified the collective action and authorized notice be sent to: "All current and former hourly employees of Defendants engaged in underground mining in Illinois at any time from April 24, 2020, to the present, and worked more than forty (40) hours in a least one workweek." *Id.* Following that Order, notice of the Action was sent in the form and manner directed by the Court. As of the date of this declaration, 141 individuals (excluding Representative Plaintiff) have filed consent to join forms (the "Opt-In Plaintiffs"). Draher Decl., at ¶ 16.

After the first mediation, the Parties engaged in formal discovery. In or around the middle of September, the Parties agreed to schedule a second mediation. The Parties subsequently filed a second Motion to Stay Pending Mediation, which the Court granted on September 16, 2024. ECF Nos. 68, 69. The Parties attended the second mediation on October 14, 2024, with well-respected mediator, Frank Neuner. The Parties reached a settlement at that mediation. Draher Decl., at ¶¶ 17-19. The material terms of the settlement are outlined below.

 B. <u>Summary of the Settlement.</u>

The key terms of the Settlement are as follows:

Total settlement amount. The total settlement amount is $1,218,000.00. The total settlement amount includes: (1) individual settlement payments to the Rule 23 Class Members that become Claimants;[1] (2) service payments to the Representative Plaintiff and the Opt-In Plaintiffs that participated in written discovery (the "Discovery Class Opt-In Plaintiffs"); and (3) Representative Plaintiff's Counsel's attorneys' fees and litigation expenses. The total settlement amount does not include Defendant's share of the payroll taxes for payments made as W-2 wages under the terms of the Agreement or the Settlement Administrator's costs. Defendants are paying those amounts in addition to the total settlement amount. Agreement, at ¶ 16. The total settlement amount reflects approximately 8 minutes of unpaid overtime per day for each Rule 23 Class Member during the applicable period.[2] Draher Decl., at ¶ 23.

Individual settlement payments. Each Rule 23 Class Member that becomes a Claimant by returning a timely and valid claim form will receive an individual settlement payment, which will be his or her pro rata share of the net settlement amount based on the number of workweeks they worked during the period of April 20, 2020, to October 14, 2024, in comparison to the total number of workweeks worked by all Rule 23 Class Members during the same period.[3] Agreement, at ¶ 26.

Rule 23 certification. The Parties' stipulated to the certification of the following settlement class: The Representative Plaintiff, the Opt-In Plaintiffs, and all current and former hourly employees of Defendant engaged in underground mining at any time during the period of October 14, 2021, to October 14, 2024, who worked more than 40 hours in at least one workweek during that period. Agreement, at ¶ 21.

---

[1] Claimants are defined as all Rule 23 Class Members that submit a timely Claim Form. Agreement, at ¶ 8.
[2] The applicable period is April 24, 2020, to October 14, 2024. Agreement, at ¶ 26.
[3] Representative Plaintiff and the Opt-In Plaintiffs are not required to return a Claim Form since they have already joined this case. Agreement, at ¶ 8.

5

Settlement administrator. The Parties agree to engage Analytics, LLC to serve as the settlement administrator. Agreement, at ¶ 24.

Class notice. Rule 23 Class Members will receive a notice that describes the lawsuit, the relief available, instructions for participating in the Settlement, the binding effect of the class judgement, the name and contact information for Representative Plaintiff's Counsel, the procedure for opting out or objecting to the Settlement, and the date for the Fairness Hearing. The class notice will be sent to the Rule 23 Class Member by first-class mail and text message. Defendants will also hand-deliver the class notice to currently employed Rule 23 Class Members. Agreement, at ¶ 22, Exhibit B.

Rule 23 Class Members' opt-out and objection rights. Rule 23 Class Members will have 90 from the date of the mailing of the class notice to opt-out of, or object to, the Settlement. Rule 23 Class Members will also have 90 days to return a valid claim form to participate in the Settlement. Agreement, at ¶¶ 22, 46, Exhibit B.

Release. The Claimants will release all claims that arise from the factual allegations in the Action that arose on or before October 14, 2024. The Rule 23 Class Members that do not become Claimants and that do not opt-out of the Settlement will release their claims under the IMWL that arose on or before October 14, 2024, but they will not release their claims under the FLSA or any other wage and hour claims under applicable law. Agreement, at ¶¶ 60-61.

Service payments and attorneys' fees and litigation expenses. The Settlement provides that Representative Plaintiff's Counsel will seek an order from the Court approving the following service awards: (1) $5,000.00 to the Representative Plaintiff and (2) $1,000.00 for each of the thirteen Opt-In Plaintiffs that participated in formal discovery (the "Discovery Class Opt-In Plaintiffs"). Last, the Settlement provides that Representative Plaintiff's Counsel will seek an order from the Court approving (1) the payment of their attorneys' fees not to exceed one-third of the

6

total settlement and (2) their litigation expenses, which as of the date of this Motion are $12,750.50. Agreement, at ¶¶ 34-35; Draher Decl., at ¶ 24.

As discussed below, based on her own independent investigation and evaluation, Representative Plaintiff's Counsel is of the opinion that the settlement with Defendants is fair and reasonable and is in the best interest of the Rule 23 Class Members considering all known facts and circumstances.

## II.     Legal Discussion.

### A.     The Court should provisionally certify the proposed Rule 23 settlement class.

As this Court recently explained, the "Seventh Circuit had recognized the 'overriding public interest in favor of settlements' in the class action context, as they 'minimize[] the litigation expense of both parties and also reduce[] the strain such litigation imposes on already scarce judicial resources.'" *Roberts v. Graphic Packaging Int'l, Int'l, LLC*, Case No. 3:21-cv-00750-DWD, 2024 U.S. Dist. LEXIS 122323, at * 6-7 (S.D. Ill. July 24, 2024) (citing *Armstrong v. Bd. Sch. Dirs. Of the City of Milwaukee*, 616 F.2d 305, 312-313 (7th Cir. 1980)). The procedure for review of a proposed class action settlement is a three-step process. First, the court issues an order preliminarily approving the settlement. Second, the notice of the proposed settlement is sent to all class members. Third, the court issues a final approval order after the distribution of notice and after the convening of a fairness hearing. *See Stewart v. Marshall Etc.*, Case No. 14-CV-1002-NJR-PMF, 2015 U.S. Dist. LEXIS 114581, at *3-4 (S.D. Ill. Aug. 28, 2015).

At this stage, the "Court need only determine whether the settlement is 'within the range of possible approval.'" *Id.* at *4 (citing *Gautreax v. Pierce*, 690 F.2d 616, 621, n. 3 (7th Cir. 1982)). For the reasons discussed below, the Court should issue an Order provisionally certifying the proposed Rule 23 settlement class and preliminarily approving the Settlement.

        1.     Provisional certification of the proposed Rule 23 settlement class under Rule 23(a) and Rule 23(b)(3) is warranted.

7

The Parties request that the proposed Rule 23 settlement class be certified under Rule 23. Rule 23 certification is appropriate here because the proposed settlement class meets Rule 23(a)'s requirements of numerosity, commonality, typicality, and adequacy of representation. *See id.* at *5-9 (discussing Rule 23(a) requirements).

Certification is also appropriate under Rule 23(b)(3). Rule 23(b)(3) allows for certification "where the requirements of Rule 23(a) have been met, and where the Court finds that 'questions of law or fact common to members of the class predominate over any questions affecting only individual members' and that a' class action is superior to other available methods for resolving the controversy.'" *Id.* at *9 (citing Fed. R. Civ. P. 23(b)(3)).

The proposed Rule 23 settlement class meets the numerosity requirements of Rule 23(a)(1). Rule 23(a)(1) requires that the proposed class be so numerous that joinder of all persons is "impracticable." Fed. R. Civ. P. 23(a)(1). The proposed Rule 23 settlement class includes approximately 572 individuals. Agreement, at ¶ 21, Exhibit C. As this Court explained, numerosity is typically satisfied when there are more than 40 class members. *See Stewart*, 2015 U.S. Dist. LEXIS 114581, at * 5-6.

The proposed Rule 23 settlement class meets the commonality requirement of Rule 23(a)(2). "A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *Rosario v. Livaditis*¸ 963 F.2d 1013, 1018 (7th Cir. 1992) (citing *Franklin v. City of Chicago*, 102 F.R.D. 944, 949-950 (N.D. Ill. 1984)). "Common nuclei of operative fact" are present here because the Representative Plaintiff and the proposed Rule 23 settlement class worked for Defendants, held the same or similar job positions (*i.e.*, underground coal miner), were subject to the same timekeeping and pay policies, and were allegedly not paid for certain pre-shift and post-shift work. *See Stewart*, 2015 U.S. Dist. LEXIS 114581, at * 7.

The proposed Rule 23 settlement class meets the typicality requirement of Rule 23(a)(3). Commonality and typicality are often interrelated because a plaintiff's claim is typical to the class members' claims if it "arises from the same events or practice or course of conduct that gives rise to the claims" of the class members, and the plaintiff's claims are also based on the same legal theory. *Id.* at * 7; *see also Rosario*, 963 F.2d at 1018. As discussed above, the claims asserted in this case present common questions of law and fact.

The adequacy of representation requirement under Rule 23(a)(4) is met. This requirement is two-fold and requires that Representative Plaintiff's Counsel (or Class Counsel) be adequate, and that Representative Plaintiff be an adequate Class Representative. *See Stewart*, 2015 U.S. Dist. LEXIS 114581, at * 8. Representative Plaintiff's Counsel has extensive experience in litigating class and collective actions for unpaid overtime. Draher Decl., at ¶ 7. Moreover, Representative Plaintiff's claims are not antagonistic to, or in conflict with, the proposed Rule 23 settlement class member's claims. *See Stewart*, 2015 U.S. Dist. LEXIS 114581, at * 8.

Finally, the requirements of Rule 23(b)(3) are met. As discussed above, the Representative Plaintiff's claims and the proposed Rule 23 settlement class members' claims arise from the same facts and legal theories. A class action is the superior method to adjudicate these claims, especially considering the proposed settlement class is being certified for settlement purposes. *Id.*

        2.       The proposed notice of class action settlement satisfies Rule 23 and Due Process.

Pursuant to Rule 23(c)(2)(B), a class action notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified by reasonable efforts. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims; issues or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion; the time and manner for

9

requesting exclusion; and the binding effect of a class judgement on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). The proposed notice of class action settlement satisfies these requirements. *See* Agreement, Exhibit B. It contains the case name and number, a description of the claims and relief available, the name and contact information for Representative Plaintiff's Counsel, the procedure for objecting or opting out of the settlement, the procedure for participating in the Settlement, and the binding effect of the class judgment. *See* Agreement, Exhibit B*; see also Stewart*, 2015 U.S. Dist. LEXIS 114581.

The proposed notice of class action settlement and the proposed plan for its distribution also satisfies Due Process. Due process is satisfied by sending written notice to the proposed settlement class members by first-class mail at the addresses shown in Defendants' business records. *See, e.g., Hughes v. Merit Lincoln Park LLC*, No. 08-CV-6191, 2011 U.S. Dist. LEXIS 139231, at *8 (N.D. Ill. Dec. 5, 2011) (citing, *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-75, 94 S. Ct. 2140, 2144 (1974) ("First class mail will generally satisfy Rule 23(c)(2)'s requirement of 'the best notice practicable under the circumstances.'")). In this case, the proposed notice of class action settlement will be sent to the Rule 23 Class Members by (1) first-class mail using the addresses contained in Defendants' records and (2) text message using the telephone numbers contained in Defendants' records. In addition, Defendants will hand-deliver the proposed notice of class action settlement to the Rule 23 Class Members that are currently employed by Defendants. Agreement, at ¶ 22.

B. <u>The Court should preliminarily approve the Settlement</u>.

The Settlement should be preliminarily approved because it is "fair, reasonable, and adequate," and represents a favorable outcome for the Rule 23 Class Members when judged against the possible outcome weighed against the risks, expenses, and uncertainty of continued litigation. *Armstrong v. Bd. Of Sch. Dirs.*, 616 F.2d 305, 313 (7th Cir. 1980), *overruled on other grounds by*

10

*Felen v. Cal. Pub. Employees' Ret. Sys.*, 134 F.3d 873 (7th Cir. 1998). As this Court explained, the following factors should be considered when deciding whether to grant preliminary approval of a class action settlement: "(1) the strength of the plaintiffs' case compared to the terms of the proposed settlement; (2) the likely complexity, length, and expense of continued litigation; (3) the amount of opposition to the settlement among affected parties; (4) the opinion of competent counsel; and (5) the stage of the proceedings and the amount of discovery completed." *Stewart*, 2015 U.S. Dist. LEXIS 114581, at * 11. An analysis of the relevant factors (some of which are combined for discussion below), demonstrates why the Settlement should be preliminarily approved.

    1.    The settlement amount is substantially balanced against the strength of the asserted claims and the attendant risks and uncertainties of continued litigation.

This first and second factors listed above weigh in favor of approval of the Settlement. Defendants agreed to a total settlement amount of $1,218,000.00 to settle the wage and hour claims of the Rule 23 Class Members. This amount represents approximately 8 minutes of unpaid overtime per day for each Rule 23 Class Member, which was recently approved by this Court as a fair, reasonable, and adequate settlement in a similar case involving underground coal miners. *See Kizeart v. Peabody Gateway North Mining, LLC*, Case No. 3:23-cv-00515-NJR, 2024 U.S. Dist. LEXIS 134724 (S.D. Ill. July 30, 2024) (Judge Rosenstengel). In addition, Representative Plaintiff's Counsel and other lawyers in her Firm performed an expected value calculation, which considered the win and loss potential of various material issues. The total settlement amount is within the range of the expected value. Draher Decl., at ¶¶ 27-29.

Although the Parties believe in the strength of their respective claims and defenses, they fully appreciate the risk in litigating those claims and defenses to a judgment. As an initial matter, had the Parties not settled the Action, they would have spent considerable time on class

11

certification discovery and briefing. If Representative Plaintiff were successful in obtaining class certification, the Parties would have then spent significant time conducting merits and expert discovery and engaging in substantial motion practice. *See* Draher Decl., at ¶ 30-31, fn.2. [4]

Defendants likely would have argued that some, if not all, of the alleged unpaid pre-shift and post-shift work at issue was not compensable. Had Defendants prevailed on that argument, the value of the Rule 23 Class Members' claims would be diminished or possibly completely negated. Thus, the Settlement, which provides settlement payments to the Rule Class Members, guarantees a good result to the Rule 23 Class Members when balanced against the risks and uncertainties of continued litigation. Draher Decl., at ¶¶ 30-31.

The Settlement, on the other hand, provides substantial relief promptly and efficiently to the Rule 23 Class Members, and amplifies the benefits of that relief through the economies of class resolution. The Settlement represents a fair, reasonable, and adequate compromise to the Rule 23 Class Members' claims without risk and expense of extended litigation. Draher Decl. at ¶ 31.

    2.    The Settlement was achieved after discovery and good faith settlement negotiations, which were facilitated by a mediator. Counsel opine that the Settlement is fair, reasonable and adequate.

The third, fourth, and fifth factors listed above also weigh in favor of preliminary approval of the Settlement. "Settlement negotiations that are conducted at arm's length and in good faith demonstrate that a settlement is not the product of collusion." *Retsky Family Ltd. Partnership v. Price Waterhouse LLP*, Case No. 97 C 7694, 2001 U.S Dist. LEXIS 1568856, at * 7 (N.D. Ill. Dec. 10, 2001). Here, the Parties and their Counsel, who have significant experience litigating wage and hour collective and class action cases, negotiated at arm's length and in good faith over

---

[4] A similar case involving different parties and firms was settled this year after five years of litigation. According to the filings in that case, the five-year litigation involved more than 100 depositions and extensive motion practice. That case is an example of how protracted the litigation in this case could have been absent a settlement. Draher Decl, at ¶ 31, fn. 2.

two mediation sessions with private third-party neutrals. These negotiations took place after both informal and formal discovery. The discovery was analyzed by the Parties' Counsel and by Representative Plaintiff's Counsel's expert and served as a basis for the Parties' respective damages and risk analysis. Throughout the course of the settlement negotiations, the Parties vigorously debated the strength of the claims and defenses. Given the risks and uncertainties of continued litigation, as well as the result achieved for the Rule 23 Class Members, the Parties' Counsel represent that is their opinion that the Settlement is fair, reasonable, and adequate. *See* Draher Decl., at ¶¶ 26-31.

        3.     There are no objectors at this stage.

With respect to the sixth factor, there are no objectors at this point. Rule 23 Class Members will have an opportunity to object once the Settlement is preliminarily approved and the class notice is distributed.

        C.     <u>The proposed attorneys' fee award is fair and reasonable</u>.

The Agreement provides for a standard one-third share of the total settlement amount to be paid as attorneys' fees to Representative Plaintiff's Counsel, as well as their litigation expenses. Agreement, at ¶ 34. The Court need not make a final ruling on attorneys' fees and costs until the final approval hearing, at which point any objections will be known. The proposed allocation, however, should be preliminarily approved by the Court. The requested fee is fair and reasonable because Representative Plaintiff signed a retainer agreement providing for a one-third contingency fee payment. Draher Decl. at ¶ 33. In addition, as discussed below, Representative Plaintiff's Counsel has almost always been awarded a one-third fee in wage and hour class and collective actions.

A one-third contingency fee arrangement is a common arrangement for wage and hour class and collective actions. *See Koszyk v. Country Fin. a/k/a CC Servs., Inc.*, No. 16 CIV. 3571,

2017 U.S. Dist. LEXIS 73816, at *9; 2016 WL 5109196, at *4 (N.D. Ill. Sept. 16, 2016). For this reason, courts routinely approve one-third fee awards in wage and hour class and collective action settlements. *See id.*, at * 11 (citing cases). Awarding one-third fee recognizes the "significant risk[] of nonpayment that [Representative] Plaintiff's Counsel faced." *Id.*, at #12 (citing cases).

The requested fee award of one-third is reasonable. Representative Plaintiff's Counsel has historically received fee awards of one-third of the total settlement value in both state and federal courts, including in this Court. Draher Decl., at ¶ 25. A few examples of cases where Representative Plaintiff's Counsel was granted a one-third fee in a wage and hour class / collective action are listed below.

- *McLaughlin v. Botting Group, LLC*, Case No. 2017 CV 12094 (Tuscarawas County, Ohio Court of Common Pleas) (awarded a one-third fee in $5,935,000.00 settlement);

- *Roberts v. Railworks*, Case No. 50-2016-CA-002028 (Circuit Court of the Fifteenth Circuit for Palm Beach County, Florida) (awarded a one-third fee in $4,950,000.00 settlement);

- *Langston v. U.S. Security Associates*, Case No. 5:18-cv-00868 (W.D. Okla.) (awarded a one-third fee in $4,250,000.00 settlement);

- *Raiser v. Menard, Inc.*, Case No. 3:18-cv-00314 (N.D. Ohio) (awarded a one-third fee in $4,000,000.00 settlement);

- *Fullerton v. Golden Flake Snack Foods, Inc.*, Case No. 3:17-cv-00296 (N.D. Fla) (awarded a one-third fee in $1,750,000.00 settlement);

- *Jurden v. Utz Quality Foods, Inc.*, Case No. 1:15-cv-02196 (M.D. Pa.) (awarded a one-third fee in $2,500,000.00 settlement); and

  *Bradley v. Menard, Inc.*, Case No. 2:17-cv-00165 (S.D. Ind.) (awarded a one-third fee in $1,500,000.00 settlement).

In addition, this Court recently approved a one-third fee in a similar class action settlement handled by Representative Plaintiff's Counsel's Firm. *See Kizeart*, 2024 U.S. Dist. LEXIS 134724, at * 5. Similarly, Judge Schneider in the Northern District of Illinois approved a one-third fee in a class action settlement handled by Representative Plaintiff's Counsel earlier this year. *See Turnham v. Nationwide Inbound, Inc.*, Case No. 3:23-cv-50014, ECF No. 45.

   D. <u>The proposed service award to Representative Plaintiff and the Discovery Class Opt-In Plaintiffs is fair and reasonable</u>.

The Agreement provides for a service award to Representative Plaintiff in the amount of $5,000.00 and $1,000.00 to each the Discovery Class Opt-In Plaintiffs". Agreement, at ¶ 35. Courts widely recognize that service award payments serve an important function in promoting enforcement of state and federal law by private individuals, while encouraging class action settlements. "Plaintiffs in class and collective actions play a crucial role in bringing justice to those who would otherwise be hidden from judicial scrutiny." *Furman v. At Home Stores, LLC*, No. 1:16-CV-08190, 2017 U.S. Dist. LEXIS 73816, at *5 (N.D. Ill, May 1, 2017); *Koszyk*, 2016 WL 5109196, at *2; 2016 U.S. Dist. LEXIS 126893, at *4 (N.D. Ill. Sept. 16, 2016), citing *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) ("Because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it necessary to induce an individual to participate in the suit.").

Representative Plaintiff's proposed service award is intended to compensate him for his effort and the risk associated with his role in initiating this lawsuit that has resulted in substantial recovery for the Rule 23 Class Members. Representative Plaintiff contributed significant time and effort in the Action, which enabled his Counsel to evaluate the strength of the asserted claims, and reach a settlement of this matter that, in Representative Plaintiff's Counsel's opinion, fairly and adequately compensates the Rule 23 Class Members for alleged

unpaid wages. Specifically, Representative Plaintiff provided information required to conduct an initial investigation of the claims alleged in the Action. He reviewed the initial pleadings in the case for factual accuracy and participated in written discovery. He also consulted with his Counsel throughout the litigation and the two mediation sessions regarding issues. Draher Decl., at ¶ 32. As such, the time and effort that Representative Plaintiff provided supports the requested service payment.

Likewise, the proposed service awards for the Discovery Class Opt-In Plaintiffs are intended to compensate them for the substantial time that they spent working with their Counsel and responding to written discovery. Their efforts also helped Representative Plaintiff's Counsel evaluate the strength of the asserted claims. Draher Decl., at ¶ 32.

## CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court:

A. Enter an Order preliminarily approving the Parties' Settlement;

B. Designate Representative Plaintiff as the Class Representative;

C. Provisionally certify the proposed settlement class;

D. Preliminarily approve the requested service award payments as provided in the Agreement;

E. Designate Representative Class Counsel as Class Counsel;

F. Preliminarily approve Class Counsel's request for attorneys' fees and litigation expenses;

G. Appoint Analytics Consulting, LLC as the Settlement Administrator;

H. Direct distribution of the proposed notice of class action settlement to the Rule 23 Class Members as outlined in the Agreement; and,

I. Schedule a Fairness Hearing to take place approximately <u>120 days</u> after granting preliminary approval of the Parties' Settlement.

Respectfully submitted,

| | |
|---|---|
| **NILGES DRAHER LLC** | **SANDBERG PHOENIX & VON GONTARD P.C.** |

*/s/ Shannon M. Draher*
Shannon M. Draher (0074304)
7034 Braucher Street, NW, Suite B
North Canton, Ohio 44720
Telephone: 330-470-4428
Facsimile: 330-754-1430
Email: sdraher@ohlaborlaw.com

*Counsel for Representative Plaintiff and Opt-In Plaintiffs*

*/s/ Benjamin R. Wesselschmidt (by consent)*
Benjamin R. Wesselschmidt
A. Courtney Cox
600 Washington Ave. – 15th Floor
St. Louis, MO 63101
Telephone: 314-231-3332
Facsimile: 314-241-7604
Email: ccox@sandbergphoenix.com
bwesselschmidt@sandbergphoenix.com

**REED, HELLER & CANNELL, LLC**

Edward J. Heller
Richard L. Blake
1100 Walnut St.
PO Box 727
Murphysboro, IL 62966
Telephone: 618-687-2376
Facsimile: 618-684-5554
Email: edheller@rhc.legal
richard@rhc.legal

*Counsel for Defendants Knight Hawk, LLC, Knight Hawk Holdings, LLC, and ICG Illinois, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2024, the foregoing was filed electronically. Notice of this filing will be sent to the following individuals by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Shannon M. Draher*

*Counsel for Representative Plaintiff and Opt-In Plaintiffs*

17