# Exhibit 1

**Settlement Agreement with Exhibits A-C**

## RULE 23 CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

Subject to Court approval, Knight Hawk Holdings, LLC, Knight Hawk Coal, LLC, and ICG Illinois, LLC (collectively, "Defendants") and Toby Dye ("Representative Plaintiff"), individually, and on behalf of the Opt-In Plaintiffs and the Rule 23 Class Members (defined below), voluntarily enter into this Rule 23 Class Action Settlement Agreement and Release (this "Agreement") to settle all claims and issues as set forth more fully below. The Representative Plaintiff and the Defendants will be collectively referred to as the "Parties."

### BACKGROUND AND RECITALS

1.      Representative Plaintiff filed *Toby Dye v. Knight Hawk Coal, LLC*, Case no. 3:23-cv-01329 on April 24, 2023 ("the Action"). Representative Plaintiff filed his Amended Complaint on July 6, 2023, adding Knight Hawk Holdings, LLC and ICG Illinois, LLC as defendants. In the Action, Representative Plaintiff asserted claims against Defendants on behalf of himself and others similarly situated under the Fair Labor Standards Act (the "FLSA) and the Illinois Minimum Wage Law ("IMWL").

2.      Defendants deny all claims asserted in the Action.

3.      On June 21, 2024, the Court conditionally certified the following collective: "All current and former hourly employees of Defendants engaged in underground mining in Illinois at any time during the three (3) years preceding the date of the filing of this Action to the present and worked more than forty (40) hours in at least one workweek."

4.      As of the date of this agreement, 141 Opt-In Plaintiffs have submitted a Consent to Join form, which have been filed with the Court. A list of those Opt-In Plaintiffs, which include Representative Plaintiff, is attached as **Exhibit A**. Representative Plaintiff and the Opt-In

The signed document can be validated at https://app.vinesign.com/Verify

Plaintiff will be collectively referred to herein as "Plaintiffs."

5.      To avoid the burden, expense, risks and uncertainty of litigation, the Parties agreed to engage in mediation. The Parties attended a full day mediation on February 15, 2024, with well-respected mediator Michael Geigerman. The Parties were unable to reach an agreement at that mediation. The Parties attended a second full day mediation on October 14, 2024, with well-respected mediator Frank Neuner. The Parties reached an agreement to settle the Action at that mediation. The terms of that agreement are embodied herein.

6.      Plaintiffs' Counsel engaged the services of a PhD level data scientist to construct a damages model using information produced by Defendants.

7.      The purpose of this Agreement is to fully and finally settle all Released Claims as defined in this Agreement.

## DEFINITIONS

8.      "Claimants" means all Rule 23 Class Members who submit a timely Claim Form (as defined below).  Representative Plaintiff and Opt-In Plaintiffs are not required to submit a claim form to become Claimants.

9.      "Claim Form" means the form approved by the Parties' Counsel, and subject to Court approval, that will be sent with the Rule 23 Notice of Settlement that each Rule 23 Class Member must sign, complete, and submit within ninety (90) days following mailing of the Rule 23 Notice of Settlement to recover a Settlement Award.  A copy of the Claim Form is attached as **Exhibit B**

10.     "Court" means the United States District Court for the Southern District of Illinois.

11.    "Defendant's Counsel" means Benjamin R. Wesselschmidt and A. Courtney Cox of Sandberg, Phoenix & Von Gontard P.C. and Edward J. Heller of Reed & Heller, LLC.

12.    "Discovery Class Opt-Ins" means the thirteen (13) Opt-In Plaintiffs that participated in written discovery. The Discovery Class Opt-Ins are identified in **Exhibit A**.

13.    "Effective Date" means **thirty-one (31) days** after the Court's entry of the Final Approval Order.

14.    "Eligible Settlement Participants" means the Rule 23 Class Members.

15.    "Final Approval Order" means the Court's Order granting final approval of the Rule 23 Class Action Settlement.

16.    "Global Settlement Fund" means the gross settlement amount of $1,218,000.00. The Global Settlement Fund is the sole and maximum payment by the Defendants and includes (1) all Settlement Awards (defined below); (2) any Service Payments approved for Representative Plaintiff and the Discovery Class Opt-Ins; and (3) Plaintiffs' Counsel's attorneys' fees and litigation expenses approved by the Court. The Global Settlement Fund does not include the Settlement Administrator's costs. In addition, Defendants will make all required employer contributions with respect to any portions of the Settlement Awards and Service Payments treated as wages under Internal Revenue Service ("IRS") Form W-2, and these contributions will not be deducted from the Global Settlement Fund.

17.    "Net Settlement Fund" means the amount available for individual Settlement Awards, after deducting Plaintiffs' Counsel's attorneys' fees, litigation expenses, and Service Awards.

18.    "Opt-In Plaintiffs" means the individuals who, as of the date of this Agreement, have submitted a Consent to Join form, which was been filed with the Court.

19.    "Plaintiffs' Counsel" means Shannon M. Draher of Nilges Draher LLC.

20.    "Preliminary Approval Order" means the Court's Order preliminarily approving the Rule 23 Class Action Settlement and Release.

21.    "Rule 23 Class Members" means Representative Plaintiff, Opt-In Plaintiffs and all current and former hourly employees of Defendants who engaged in underground mining at any time during the period of October 14, 2021, to October 14, 2024. The Rule 23 Class Members are a group of approximately 572 individuals.  A list of the Rule 23 Class Members, which includes Representative Plaintiff and the Opt-In Plaintiffs is attached as **Exhibit C.**

22.    "Rule 23 Notice of Settlement" means the form approved by the Parties' Counsel, and subject to Court approval, that will be sent to each Rule 23 Class Member which will explain this Settlement, the process to object or to opt-out of the Settlement, the process to become a Claimant, the Fairness Hearing date and location, and the amount of his or her Settlement Award. A copy of the Rule 23 Notice of Settlement is attached as **Exhibit B.** The Parties agree that the Rule 23 Notice of Settlement, along with the Claim Form, will be disseminated by regular U.S. Mail and by text message. Defendants agree that they will hand-deliver copies of the Rule 23 Notice of Settlement and Claim Form to Rule 23 Class Members that are currently employed by Defendants.

23.    "Settlement" means the Parties' resolution of the Action as to Representative Plaintiff and the Claimants.

24.    "Settlement Administrator" means Analytics, LLC.

25.     "Settlement Administrator Costs" means all settlement administration fees, expenses, and costs incurred by the Settlement Administrator directly or indirectly related to its duties under this Agreement, including but not limited to all fees, expenses, and costs in connection with the Global Settlement Fund and Net Settlement Fund, and those duties related to notice, check cutting and mailing, reports to counsel, court filings, legal and accounting advice relating to the establishment of the Net Settlement Fund and tax treatment and reporting of awards to Claimants preparation of tax returns (and the taxes associated with such tax returns as defined below), calculating Settlement Awards, and any other related duties.

26.     "Settlement Award" means the amount of the Net Settlement Fund that will be paid to each Eligible Settlement Participant who is, or becomes a Claimant, which shall be calculated based on his or her *pro rata* share of the Net Settlement Fund based on the number of workweeks worked by the Eligible Settlement Participant during the period of April 24, 2020, to October 14, 2024 in comparison to the total number of workweeks worked by all Eligible Settlement Participants during the same period, calculated by the   Eligible Settlement Participant's start date and end date.

27.     "Service Award" means the payment made from the Global Settlement Fund to Representative Plaintiff for his services in bringing and prosecuting the Action and to the Discovery Class Opt-Ins for participating in written discovery.

## DENIAL OF LIABILITY

28.     Defendants deny liability or wrongdoing of any kind associated with the claims alleged in the Action. Consequently, this Agreement is a compromise, and shall not be construed as an admission of liability, culpability, wrongdoing, or negligence by Defendants for any

purpose, and under any circumstance. This Agreement, as well as the negotiations that occurred in connection with its creation, shall not constitute evidence with respect to any issue, or dispute, in any lawsuit, legal proceeding, or administrative proceeding, except for legal proceedings concerning the enforcement or interpretation of this Agreement. The Parties do not concede any claims or defenses that were, or could have been, raised in the Action; rather, they merely negotiated and reached a settlement to avoid further disputes and litigation and the attendant inconvenience and expense.

## CERTIFICATION OF THE RULE 23 CLASS

29.    For purposes of this Settlement only, the Parties agree and consent to the certification of the Rule 23 Class Members pursuant to Rule 23 of the Federal Rules of Civil Procedure.  In the event the Court does not grant preliminary or final approval of the Rule 23 Class Action Settlement, the certification of the class shall not constitute evidence or a binding determination that the requirements for certification are satisfied.

30.    Defendants do not consent to certification of the Rule 23 Class for any purpose other than to effectuate this Agreement and the parties' Settlement. If the Court does not grant final approval of this Agreement, or if for any other reason final approval of this Agreement does not occur, is successfully objected to, or challenged on appeal, any certification of any Class will be vacated and the parties will be returned to their positions with respect to the Action as if the Agreement had not been entered into.

31.    Subject to Court approval, the following Settlement Class shall be certified for settlement purposes:

> Representative Plaintiff, Opt-In Plaintiffs and all current and former hourly employees of Defendants who engaged in underground mining at

any time during the period of October 14, 2021, to October 14, 2024.

32.    Excluded from the Settlement Class are all persons who elect to exclude themselves from the Settlement Class, the Court and staff to whom this case is assigned, and any member of the Court's or staff's immediate family.

## DUTIES OF THE PARTIES TO COOPERATE TO OBTAIN COURT PRELIMINARY AND FINAL APPROVAL OF THE SETTLEMENT

33.    The Parties will fully cooperate with each other and use reasonable efforts, including all efforts contemplated by this Settlement and any other efforts ordered by the Court, to accomplish the terms of this Settlement, including but not limited to, executing such documents and taking such other action as may reasonably be necessary to obtain preliminary and final approval of this Settlement without material modifications and to implement its terms.

## ATTORNEYS' FEES AND COSTS

34.    Plaintiffs' Counsel will seek an order from the Court approving the payment of their fees for services, not to exceed one-third of the Global Settlement Fund, and their litigation expenses. Any attorneys' fees and litigation expenses approved by the Court will be paid from the Global Settlement Fund. The Settlement Administrator will wire Plaintiffs' Counsel's Court-approved attorneys' fees and litigation expenses **thirty (30) days** after the Effective Date.

## SERVICE AWARDS

35.    Plaintiffs' Counsel will seek an Order from the Court approving a Service Award for the Representative Plaintiff in the amount of $5,000 and Service Awards for the Discovery Class Opt-Ins in the amount of $1,000 each. The Service Awards approved by the Court will be paid from the Global Settlement Fund.  For tax purposes, the Parties agree the Service Awards

will be: (a) 50 percent taxable, wage income paid under IRS Form W-2 and subject to ordinary payroll withholdings under federal and state law; and (b) 50 percent taxable, non-wage income paid under IRS Form 1099. The Settlement Administrator will mail the Court-approved Service Awards **thirty (30) days** after the Effective Date.

## SETTLEMENT ADMINISTRATOR'S DUTIES AND RESPONSIBILITIES

36.    The Parties agree to retain a Settlement Administrator responsible for:

a.    Establishing a Global Settlement Fund as a "Qualified Settlement Fund" within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended, the Treas. Reg. Section 1.468B-1, *et seq.*;

b.    Issuing all funds from the Global Settlement Fund;

c.    Determining and finalizing the Settlement Awards and the tax withholding amounts and employer payroll tax amounts for the Eligible Settlement Participants and Claimants, as applicable;

d.    Preparing, printing, and disseminating the Rule 23 Notice of Settlement to all Rule 23 Class Members;

e.    Processing and maintaining a record of all Rule 23 Class Members who opt out or object to the Settlement;

f.    Processing and maintaining a record of all Rule 23 Class Members who become Claimants;

g.    Promptly apprising the Parties' Counsel of the activities of the Settlement Administrator, timely responding to inquiries of the Parties or their Counsel, and copying the Parties' Counsel on material correspondence;

h.      Mailing Settlement Award checks (or other negotiable instrument) to all Claimants;

i.      Wiring Plaintiffs' Counsel's attorneys' fees and litigation expenses;

j.      Mailing the Service Awards;

k.      Reissuing and remailing Settlement Award checks to Claimants who do not receive or misplace their Settlement Award checks;

l.      Redistributing, by mail and text message, the Rule 23 Notice of Settlement and Claim Form to each Rule 23 Class Member that has not returned a Claim Form forty-five (45) days before the end of the ninety (90) day claim period. For the avoidance of doubt, the Representative Plaintiff and the Opt-In Plaintiffs are not required to return a Claim Form to receive a Settlement Award check;

m.      Mailing reminder postcards to Claimants who have not cashed their Settlement Award checks **sixty (60) days** before the check void date and again **thirty (30) days** before the check void date;

n.      Issuing IRS Forms W-2, 1099, and W-9 (if required) for all payments to each Claimant;

o.      Ascertaining current addresses for each Rule 23 Notice of Settlement and Settlement Award check returned as undeliverable;

p.      Referring to Plaintiffs' Counsel all inquiries by the Eligible Settlement Participants that the Settlement Administrator cannot resolve and/or which involve matters not within the Settlement Claim Administrator's duties specified in this Agreement;

q.      Promptly notifying the Parties' Counsel of any material requests or communications made by any Eligible Settlement Participant;

r.      Maintaining adequate records of its activities, including the date of the mailing of the Rule 23 Notice of Settlement, receipt of Claim Forms; receipt of returned mail, and other communications, and attempted communications with the Eligible Settlement Participants, and providing the Parties' Counsel with weekly reports regarding the same;

s.      Confirming, in writing to the Parties' Counsel its completion of the administration of this Settlement and retaining copies of all endorsed Settlement checks; and

t.      Such other tasks as customarily and regularly performed by a settlement administrator and as the Parties mutually agree.

37.     Settlement Administrator Costs shall be paid by Defendants.

## SETTLEMENT APPROVAL PROCEDURE

38.     This Agreement will become final and effective upon occurrence of <u>all</u> the following events:

a.      Execution of this Agreement by Representative Plaintiff and Defendants.

b.      Submission to the Court of a Joint Motion for Preliminary Approval of the Class Action Settlement.

c.      Entry of an Order by the Court, proposed by the Parties, granting preliminary approval of the Rule 23 Class Action Settlement, approving the method of distribution of the Rule 23 Notice of Settlement, and setting the date of

the Fairness Hearing for the Rule 23 Class Action Settlement.

d.     Distribution of the Rule 23 Notice of Settlement in the form and manner approved by the Court.

e.     Filing with the Court, prior to the Fairness Hearing, of a Declaration verifying that the Rule 23 Notice of Settlement was distributed to the Rule 23 Class Members in the form and manner approved by the Court.

f.     Convening of the Fairness Hearing.

g.     Entry of a Final Order and Judgment by the Court, proposed by the Parties, granting final approval of the Rule 23 Class Action Settlement, approving the proposed distributions, and dismissing this Action with prejudice.

h.     Occurrence of the "Effective Date".

i.     The Court retaining jurisdiction over this Action for the purpose of enforcing the terms of the Settlement Agreement.

## SETTLEMENT ADMINISTRATION TIMELINES

39.     Within **seven (7) days** after Preliminary Approval of the Class Action Settlement, the Settlement Administrator shall open an interest-bearing bank account, which will hold the Global Settlement Fund.

40.     Within **fourteen (14) days** after Preliminary Approval of the Class Action Settlement, Defendants shall provide the Settlement Administrator with an Excel spreadsheet listing the names, social security numbers, last known addresses, telephone numbers and dates of employment for the Rule 23 Class Members, as that information exists in Defendants' records. The Settlement Administrator shall attempt to confirm the accuracy of the Rule 23 Class

Members' addresses through the United States Post Office's National Change of Address database and shall mail the Notice of Settlement to any updated address obtained therefrom. With respect to the Rule 23 Class Members who have opted into the Action (Representative Plaintiff and the Opt-In Plaintiffs), Defendants need only provide their social security numbers and dates of employment.

41.     Within **fourteen (14) days** after Preliminary Approval, Plaintiffs' Counsel shall provide the Settlement administrator with an Excel spreadsheet listing the names and last known addresses and telephone numbers of the Representative Plaintiff and Opt-In Plaintiffs. The Settlement Administrator shall confirm that these persons are also included in the list provided by Defendants.

42.     Within **fourteen (14) days** after Preliminary Approval Order, Defendants or their designee(s) shall deposit $450,000 into the interest-bearing bank account opened by the Settlement Administrator, representing the approximate amount of the total settlement amount for Plaintiffs' Counsel's attorneys' fees, litigation expenses, and Service Awards, and exclusive of the Net Settlement Fund

43.     Within **twenty-eight (28) days** after Preliminary Approval Order, the Settlement Administrator will calculate the Settlement Award for each Eligible Settlement Participant. Individual Settlement Awards shall be calculated as follows: each Eligible Settlement Participant shall receive his or her *pro rata* share of the Net Settlement Fund based on number of workweeks worked by the Participant during the period of April 24, 2020, to October 14, 2024, as compared to the number of workweeks worked by all other Eligible Settlement Participant's employment during the same period, calculated by the Eligible Settlement Participant's start date

and end date.

44.     Within **forty (40) days** after Preliminary Approval Order, the Settlement Administrator shall send the Rule 23 Notice of Settlement to the Eligible Settlement Participants (the "Mailing Date").  If any Rule 23 Notice of Settlement is returned as undeliverable, the Settlement Administrator will promptly attempt to locate such Rule 23 Class Member through other reasonable and legally acceptable means, and, if located, shall promptly mail an additional Notice of Settlement to such person.

## THE OPT-OUT AND CLAIMS PROCESS AND PAYMENT OF CLAIMANTS' SETTLEMENT AWARDS

45.     Rule 23 Class Members may file a claim form within **ninety (90)** days of the Mailing Date. Any Rule 23 Class Member who has already asserted a claim, including Representative Plaintiff and the Opt-In Plaintiffs, need not submit another claim form.

46.     Rule 23 Class Members may opt-out of the Rule 23 Class Action Settlement by mailing a request for exclusion to the Settlement Administrator within **ninety (90)** days of the Mailing Date. Persons who are eligible to and do submit a valid and timely request for exclusion will not participate in the Settlement and will not be bound by its terms.

47.     Rule 23 Class Members may make objections to the Class Action Settlement by submitting objections to this Settlement Agreement within **ninety (90) days** of the Mailing Date. Any objections must be by signed writing, stating: (1) the Class Member's full name; (2) address; and (3) specific reason(s) for the Class Member's objection. This statement must also indicate whether the Class Member intends to appear and object to the Settlement at the Fairness Hearing. Notices and written objections, if any, shall be sent to the Settlement Administrator.  Any Class

Member who does not serve a timely and compliant objection to the settlement shall not be permitted to present his or her objections to the settlement at the Final Approval Hearing and shall be foreclosed from seeking review of the settlement by appeal or otherwise.

48.    Unless a different date is set by the Court, the Parties will file a Joint Motion for Final Approval of the Class Action Settlement no later than **fourteen (14) days** before the Fairness Hearing.

49.    Within **fourteen (14) days** following the Effective Date of the Court's order granting Final Approval of the Class Action Settlement, Defendants or their designees shall deposit an additional payment for that portion of the Net Settlement Fund sufficient to pay all timely claims submitted by Rule 23 Class Members and all associated employer payroll taxes into the interest-bearing bank account opened by the Settlement Administrator.

50.    Within **thirty (30) days** following the Effective Date, the Settlement Administrator shall mail to Claimants their Settlement Awards. If possible, the Settlement Administrator will issue each Claimant one single check representing the total amount of his or her Settlement Award by combining the wage and non-wage portions of his or her Settlement Award. In accordance with the withholding and reporting requirements set forth in this Agreement, the Settlement Administrator shall report the wage income payments to the IRS on IRS Form W-2 and shall report the non-wage income on IRS Form 1099. Within **thirty (30) days** following the Effective Date, the Settlement Administrator shall send to Plaintiffs' Counsel a list of all Claimants and their contact information.

51.    The Settlement Administrator shall mail reminder postcards to Claimants who have not cashed their Settlement Award checks Award checks **sixty (60) days** before the check

void date and again **thirty (30) days** before the check void date.

## GLOBAL SETTLEMENT FUND AND TAXES

52.     The Global Settlement Fund will be established as a "Qualified Settlement Fund" within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended, the Treas. Reg. Section 1.468B-1, *et seq.,* and shall be administered by the Settlement Administrator, subject to the ultimate authority of the Court.

53.     The Settlement Administrator shall serve as Trustee of the Global Settlement Fund and shall act as a fiduciary with respect to the handling, management, and distribution of the Global Settlement Fund, including the handling of tax-related issues and payments. The Settlement Administrator shall act in a manner necessary to qualify the Global Settlement Fund as a Qualified Settlement Fund and to maintain that qualification. The Parties shall cooperate to ensure such treatment and shall not take a position in any filing or before any tax authority inconsistent with such treatment. The Parties agree to any relation-back election required to treat the Global Settlement Fund as a Qualified Settlement Fund from the earliest possible date.

54.     The Parties recognize the wage and non-wage awards to the Claimants will be subject to applicable tax withholding and reporting and employer payroll taxes. The Settlement Administrator shall calculate the employer's share of payroll taxes related to Settlement Award payments treated as wage income and, upon receipt of that calculation, Defendant will, as directed by the Settlement Administrator, deposit into the interest-bearing bank account opened by the Settlement Administrator a payment separate from the Global Settlement Fund to pay the employer's share of payroll taxes related to Settlement Award payments treated as wage income

55.    All taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Global Settlement Fund, if any, including any taxes or tax detriments that may be imposed on Defendant with respect to income earned for any period during which the Global Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal and state income tax purposes (hereinafter "Settlement Fund Taxes"), and expenses and costs incurred in connection with the operation and implementation of this paragraph (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) any returns described herein or otherwise required to be filed pursuant to applicable authorities) (hereinafter "Settlement Fund Tax Expenses") shall be paid out of the Global Settlement Fund. Further, Settlement Fund Taxes and Settlement Fund Tax Expenses shall be treated as a cost of the administration of the Global Settlement Fund. The Parties agree to cooperate with the Settlement Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions set forth in this Section.

56.    The Settlement Administrator shall satisfy all federal, state, local, and other reporting requirements (including any applicable reporting with respect to attorneys' fees and other costs subject to reporting) and shall pay from the Global Settlement Fund any and all taxes, as well as any other obligations with respect to the payments or distributions not otherwise addressed in this Agreement.

## <u>TAX TREATMENT OF THE SETTLEMENT AWARDS</u>

57.    For tax purposes, the Parties agree Settlement Awards will be: (a) 50 percent taxable, wage income paid under IRS Form W-2 and subject to ordinary payroll withholdings

under federal and state law; and (b) 50 percent taxable, non-wage income paid under IRS Form

1099. Defendants will make all required employer contributions with respect to any portions of

the Settlement Awards paid as wages under IRS Form W-2, and these contribution amounts will

not be deducted from the Global Settlement Fund.

## REMAINDER OF THE GLOBAL SETTLEMENT FUND

58.     All Settlement Award checks that are not negotiated by a Claimant within **one

hundred eighty (180) days** of the date of issuance shall be null and void, and the associated

funds shall revert to Defendants.

59.     Any funds that are not distributed under the terms of this Agreement shall revert

to Defendants.

## RELEASE OF CLAIMS

60.     Representative Plaintiff, Opt-In Plaintiffs and each Claimant hereby release the

Defendants from (a) all claims, obligations, demands, damages, losses, actions, rights, causes of

action, costs, expenses and liabilities, of whatever kind and nature, character and description,

whether known or unknown, and whether anticipated or unanticipated under the FLSA and the

IMWL during the period of October 14, 2021, to October 14, 2024, that arose from, are based

on, or are in any way related or incidental to such individual's employment with the Defendants,

including those related to payment of minimum or overtime wages; and (b) all claims for

penalties, liquidated damages, punitive damages, interest, attorneys' fees, or litigation expenses

under the FLSA and any federal and state wage and hour laws based on the claims listed in (a)

above ("Released Federal and State Wage Law Claims").

61.     Rule 23 Class Members who do not become Claimants and who do not opt-out of the settlement hereby release Defendants from (a) all claims, obligations, demands, damages, losses, actions, rights, causes of action, costs, expenses and liabilities, of whatever kind and nature, character and description, whether known or unknown, and whether anticipated or unanticipated under the IMWL, during the period of October 14, 2021, to October 14, 2024, that arose from, are based on, or are in any way related or incidental to such individual's employment with the Defendants, including those related to payment of minimum or overtime wages; and (b) all claims for penalties, liquidated damages, punitive damages, interest, attorneys' fees, or litigation expenses under the IMWL based on the claims listed in (a) above ("Released State Wage Law Claims").

## NOTICES

62.     All notices, requests, demands, and other communications required or permitted to be given pursuant to this Agreement shall be in writing and shall be delivered (by mail or email) to:

**Plaintiffs' Counsel**

Shannon M. Draher
Nilges Draher LLC
7034 Braucher St NW, Suite B
North Canton, OH 44720
sdraher@ohlaborlaw.com

**Defendants' Counsel**

Benjamin R. Wesselschmidt
Sanberg Phoenix & von Gontard P.C.
701 Market Street, Suite 600
St. Louis, MO 63101
bwesselschmidt@sandbergphoenix.com

## CONSTRUCTION, INTERPRETATION AND MODIFICATION

63.    This Agreement constitutes the entire agreement between the Parties with respect to the subject matter included in this Agreement and it shall supersede all prior and contemporaneous negotiations between the parties.  This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for, or against, any party, regardless of who drafted, or who was principally responsible for drafting, this Agreement, or any specific term or condition in this Agreement. The Parties participated in the negotiation and drafting of this Agreement and had available to them the advice and assistance of independent counsel. As such, the Parties may not claim any ambiguity in this Agreement should be construed against another.

64.    If there is a conflict between this Agreement and any other document related to this Settlement, the Parties intend for this Agreement to control.

65.    Except as expressly provided herein, this Agreement has not been executed in reliance upon any other oral or written representations or terms, and no such extrinsic oral or written representations or terms shall modify, vary, or contradict its terms. The Parties agree this Agreement is to be construed according to its terms and it may not be varied, or contradicted, by extrinsic evidence.

66.    This Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the State of Illinois, and shall be subject to the continuing jurisdiction of the Court.  The Parties agree that if either Party breaches any of the terms and conditions of this Agreement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred in enforcing the terms and conditions contained herein.

67.    If any provision of this Agreement, except the Release, is held by a court of competent jurisdiction to be void, voidable, unlawful, or unenforceable the remaining portions of this Agreement will remain in full force and effect to the extent the effect of this Agreement, as well as the obligations of the Parties, remains materially the same.

68.    This Agreement may not be modified or amended, except in writing, signed by the Parties or their counsel, and as approved by the Court. This Agreement, any amendments or modifications to it, and any other documents required or contemplated to be executed in order to consummate this Agreement, may be executed in one or more counterparts, each of which shall be deemed an original of this Agreement. All counterparts of any such document together shall constitute one and the same instrument. A photocopy, facsimile, or digital image of an executed counterpart shall be enforceable and admissible as an original.

69.    This Agreement is binding upon, and shall inure to the benefit of, the Parties. Without limiting the foregoing, this Agreement specifically shall inure to the benefit of Defendants as well as its present and former owners, stockholders, predecessors, successors, joint ventures, assigns, agents, directors, officers, board members, employees, representatives, insurers, attorneys, parents, subsidiaries, benefit plans, plan fiduciaries, affiliated divisions and companies, and all persons acting by, under, or in concert with, any of them; likewise, this Agreement shall be binding upon Representative Plaintiff and the Claimants.

## CONTINUING JURISDICTION

70.    The Parties agree to move for the Court to retain continuing jurisdiction to construe, interpret, and enforce the provisions of this Agreement; to supervise the administration and distributions from the Global Settlement Fund; and to hear and adjudicate any dispute or

litigation arising from, or related to, this Agreement, or issues of law and facts asserted in the Action.

     **WHEREFORE,** having fully read and understood the terms of this Agreement, the Parties sign their names below with the intention that they shall be bound by it.

| | |
|---|---|
| DATED: | KNIGHT HAWK COAL, LLC<br><br>By: _____<br><br>Its: _____ |
| DATED: | KNIGHT HAWK HOLDINGS, LLC<br><br>By: _____<br><br>Its: _____ |
| DATED: | ICG ILLINOIS, LLC<br><br>By: _____<br><br>Its: _____ |

| | |
|---|---|
| DATED:<br>   12/23/2024 | REPRESENTATIVE PLAINTIFF<br><br>*[signature]* |

| DATED: 12/27/24 | KNIGHT HAWK COAL, LLC<br><br>By: _Jam M. Smith_<br><br>Its: _PRESIDENT_ |
|---|---|
| DATED: 12/27/24 | KNIGHT HAWK HOLDINGS, LLC<br><br>By: _Jam M. Smith_<br><br>Its: _PRESIDENT_ |
| DATED: 12/27/24 | ICG ILLINOIS, LLC<br><br>By: _Jam M. Smith_<br><br>Its: _PRESIDENT_ |

| DATED: | REPRESENTATIVE PLAINTIFF<br><br>_____ |
|---|---|

# Exhibit A

**NAME**

AARON BROSAMER

ANDREW GUMBLE

ANGEL TORO

ANTHONY PHELPS

BAILEY SAATHOFF

BRADLEY REBBE

BRANDON BEVIS   Discovery Class Opt-In

BRANDON OAKLEY

BRANDON WEBB

BRENT NEWSOME

BRETT BUSHONG

BRETT MCREAKEN

BRIAN HERRELL

BRIAN MARSINGILL

BRUCE BELDIN

CARL TURPIN

CHAD NIKOLICH

CHAD WELCH   Discovery Class Opt-In

CHARLES BUESINGER

CHARLES SMITH

CHRIS FOLLMER

CLINT HOPPER

CODY KING

COLE DAVIS

COREY DINTELMAN

COREY MOYNAHAN

CORY CANADY

DAKOTA OVERTURF

DALTON BRUNDAGE

DANIEL HELMER

DANIEL ROBERSON

DAVID REAGON

DENNIS SITZE

DEREK DYE   Discovery Class Opt-In

DYLAN MORRIS   Discovery Class Opt-In

EMILIO SUAREZ

ERIC HAGAN   Discovery Class Opt-In

ERIC KOSKEY

ERIC STREET   Discovery Class Opt-In

GARIN EVANS

GARRET NIKOLICH

GAVIN KIRKPATRICK

GREGORY GREENWOOD

ISAIAH WALKER

JACOB BELL

JACOB FAHL

JACOB WETHINGTON
JAMES BOBELL
JAMES BRYANT
JAMES CLARIDA
JASON CAIN
JASON STEPHENSON
JASON SUITS
JERRY LACKEY
JOHN GARNER
JOHN KRAMER
JOHN TRAVIS BAKER
JONATHAN THOMPSON
JOSEPH ANTONACCI
JOSEPH BULL
JOSEPH MULLEN
JOSEPH SNYDER
JOSEPH TEEGARDEN
JOSHUA HOFFERT
JOSHUA MORROW
JOSHUA SITZE
JUSTIN LINDSEY
JUSTIN MAY                Discovery Class Opt-In
JUSTIN PIERCE
JUSTIN STREET             Discovery Class Opt-In
KANEN RIGGS
KENNETH CLAWSON
KENNETH HAMILTON
KENNY KELLERMAN           Discovery Class Opt-In
KENT FENOGLIO
KEVIN MILLER
KYLE BUTLER
LARRY BOEHM II
LAWRENCE CLARK
LEON MILLWEE
LOGAN HARRIS
MATTHEW HOLLERS          Discovery Class Opt-In
MATTHEW HULLINGER
MATTHEW PHILLIPS
MATTHEW WOODVINE         Discovery Class Opt-In
MICHAEL BEVIS            Discovery Class Opt-In
MICHAEL CROTEAU
MICHAEL GLOVER
MICHAEL GONZALES
MICHAEL PATTERSON
MICHAEL VOSBEIN
NATE REAMS
NATHAN HOUSEWIRTH

NATHAN NICHOLS
NATHAN SHAUGHNESSY
NATHAN WILLIAMS
NICHOLAS REAGON
NICK TAYLOR
NICOLE REES                    Discovery Class Opt-In
PATRICK SMILLIE
RANDALL ROWLAND
RANDY AYMER
RANDY AYMER II
RICHARD NOLTING
RICKEY WHEELER
ROBERT BATHON
ROBERT HURLEY
ROBERT KARHLIKER
ROBERT LEMMON
ROBERT ROACH
RODNEY ALLEN
RONALD JACKSON
RONALD SMITH
RONALD STOUT
RYAN FERGUSON
RYAN NEWELL
RYAN PITTS
RYAN SITZE
SAMUEL GRUBBS
SCOTT CHERRY
SHANE PAINTNER
SHAUN FOSTER
SPENCER DAVIS
STEVEN MCKINSTRY
TED HALL
TERRY HERGENROEDER
THOMAS WALKER
TOBY DYE
TOBY FOWLER
TONY PRYTHERCH
TRAVIS MILLER
TREVOR ECKLES
TYLER MABRY
WESLEY A GOFORTH
WILLIAM EVANS
WILLIAM HARDY
WILLIAM S. REYNOLDS
ZACHARY ORRISON
ZACHARY WISEMAN
BRIAN BROWN

CAREY LAUE

# Exhibit B

**NOTICE OF SETTLEMENT OF CLASS ACTION LAWSUIT**

*Toby Dye v. Knight Hawk Coal, LLC, et al.*, 3:23-cv-1329
**United States District Court for the Southern District of Illinois**

**Please read this Notice carefully.  It explains your legal rights and options in this settlement.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **YOU CAN RECEIVE A PAYMENT** | To receive a settlement payment, you **must** return a valid Claim Form no later than [**90 days from mailing**]. In exchange for your payment, will release your federal and state wage and hour claims against Knight Hawk Holdings, LLC, Knight Hawk Coal, LLC and ICG Illinois, LLC. **If you do not return a valid Claim Form, you will not receive a settlement payment and you will still release your state law wage and hour claims against Defendants.**<br><br>Instructions on submission of a valid Claim Form are outlined below. |
| **YOU CAN DO NOTHING** | If you do nothing, you will not be eligible to receive a monetary payment under thesettlement if it is approved by the Court. **If you do nothing, you give up your right to Knight Hawk Holdings, LLC, Knight Hawk Coal, LLC and ICG Illinois, LLC, as part of another lawsuit over the Illinois wage and hour claims released by the settlement.** |
| **YOU CAN ASK TO BE EXCLUDED** | If you ask to be excluded, you will not be eligible to receive a monetary payment under the settlement. **If you ask to be excluded, you will not release any of the wage and hour claims that are released as part of this settlement.**<br><br>Instructions on how to exclude yourself from the settlement are outlined below. |
| **YOU CAN OBJECT** | You can write to the Court about why you don't agree with the terms of the settlement. If you object, you will still be eligible to receive a monetary payment under the settlement if it is approved by the Court and you submit a valid Claim Form. You cannot object to the settlement if your request to be excluded from it.<br><br>Instructions on how to object to the settlement are outlined below. |
| **YOU CAN ATTEND A HEARING** | If you do not ask to be excluded, you can ask to speak in Court about thesettlement at the Fairness Hearing.<br><br>The time, date and location of the Fairness Hearing are contained below. |

1

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice. The Court in charge of this case still must decide whether to approve the Monetary payments under the settlement will only become available if the Court approves the settlement and the settlement becomes final. Please be patient.

- **Your legal rights are affected whether you act or don't act**.

## BASIC INFORMATION

### 1. Why did I get this notice?

You have received this Notice because the records of Defendants show that you fit the definition of persons entitled to receive this notice and to participate in the settlement of this class action lawsuit.

The Court ordered that you be sent this Notice because you have a right to know about the proposed settlement. This Notice explains the lawsuit, the proposed settlement (hereinafter referred to as the settlement), your legal rights, and what benefits are available to you.

The Court overseeing the lawsuit is the U.S. District Court for the Southern District of Illinois. The lawsuit is entitled *Dye v. Knight Hawk Coal, LLC, et al.* The person who filed the lawsuit is called the "Representative Plaintiff." Knight Hawk Holdings, LLC, Knight Hawk Coal, LLC and ICG Illinois, LLC are referred to as the "Defendants."

### 2. What is the lawsuit about?

A lawsuit was brought by Representative Plaintiff Toby Dye against Defendants. In the lawsuit, Representative Plaintiff alleges that Defendants failed to pay him and other similarly situated employees for certain pre-shift and post-shift work, such as donning and doffing safety clothing, gathering and putting away required safety equipment, gathering and putting away required work tools, and associated walking and waiting time, which allegedly resulted in unpaid overtime. Representative Plaintiff is seeking payment for unpaid overtime, liquidated damages, attorneys' fees, and expenses.

The parties entered this settlement solely with the intention of avoiding further litigation.

### 3. What is a class action?

In a class action, one or more people called a "Representative Plaintiff" files a lawsuit on behalf of themselves and other people who they contend have similar claims. Those people with similar claims are called "Class Members". Class Members are part of the case and are bound by any and all judgments or settlement approved by the Court unless they ask to be excluded from the case.

### 4. Why is there a settlement?

Defendants maintain that they properly paid employees for all hours worked and denies the allegations in the lawsuit. The Court did not decide in favor of the Representative Plaintiff or Defendants and neither side prevailed. Instead, both sides agreed to settle this case to avoid the

cost, time, and uncertainty of further litigation. The Court has granted preliminary approval of the Rule 23 class action settlement. Settlement does not mean that any law was broken or that Defendants did anything wrong. Representative Plaintiff and his attorneys think the settlement is best for all Class Members.

### 5. How do I know if I will be included in the settlement?

You are a Class Member if you fit the following definition: current and former underground employees of Knight Hawk Holdings, LLC, Knight Hawk Coal, LLC and/or ICG Illinois, LLC, who were engaged in underground coal mining in Illinois from October 14, 2021, to October 14, 2024, and who worked more than 40 hours in at least one workweek during that period. You are also a Class Member if you previously joined this case.

### 6.  What does the settlement provide?

The total settlement amount is $1,218,000. If the Court grants final approval of the settlement, this amount – less attorneys' fees, litigation expenses, and service awards – will be available for distribution to Class Members who timely return a Claim Form. The amount available for distribution will be referred to as the "Net Settlement Amount

### 7.  How will my payment be calculated?

The individual settlement payments to Class Members who do not exclude themselves from the settlement will be calculated based on a formula that has been preliminarily approved by the Court as fair, adequate, and reasonable.

Specifically, if the Court grants final approval of the settlement, each of the Class Members who return a valid and timely Claim Form (collectively, "Claimants") will receive a *pro rata* share of the Net Settlement Fund based on the number of workweeks worked by the Class Member during the period of April 24, 2020 to October 14, 2024, in comparison to the total number of workweeks worked by all Class Members during the same period.

**<u>Class Members who have already joined this case are not required to return a Claim Form to receive a payment. If you are unsure of whether you have joined this case, you should contact Class Counsel at the telephone number listed below in section 16.</u>**

Based on this formula, you are estimated to receive approximately $_____. Half of this will be paid as wages, subject to deductions for applicable payroll taxes and withholdings like any other paycheck, and you will receive an IRS Form W-2 in connection with the payment. The other half will be paid as non-wage income, with no deductions, and reported on IRS Form 1099. Please note that this is an estimate. The final payment amount may be higher or lower.

### 8. How can I get my payment?

**<u>To receive a settlement payment, you must fully complete the enclosed Claim Form and Release and mail it to the Claims Administrator in the enclosed envelope postmarked no later than [90 days from date of mailing].</u>**

3

You may also e-mail or fax the Claim Form and Release to the Settlement Claims Administrator, so that it is received no later than [90 days from date of mailing].  The Settlement Claims Administrator's complete contact information is:

[Claims Administrator to insert]

**Failure to fully complete the enclosed Claim Form and Release by [90 days from date of mailing] will result in your forfeiture of your right to receive a settlement payment and a release of any wage and hour claims that you have against Defendants under Illinois law.**

**Class Members who have already joined this case are not required to return a Claim Form to receive a payment. If you are unsure of whether you have joined this case, you should contact Class Counsel at the telephone number listed below in section 16.**

## 9. Retaliation by Defendants is Illegal

Federal and state law prohibits Defendants from retaliating against individuals who participate in the settlement. If you have a concern about retaliation, you may reach out to Class Counsel at (234) 401-9130.

## 10.  When will I get my payment?

If the Court grants final approval of the settlement, you will be sent a check approximately 60 days after the Court holds a Fairness Hearing and grants final approval of the settlement. Please be patient.

**It is your responsibility to keep your current address on file with the Settlement Administrator. Please make sure to notify the Settlement Administrator of any change of address.**

**Checks will become null and void 180 days after their issuance.**

## 11.  How can I exclude myself from the settlement?

To exclude yourself from the settlement, you must notify the Settlement Administrator in writing that you wish to be excluded from the settlement. To do so, you must mail your request for exclusion to:

[insert settlement administrator name and contact information]

Your request for exclusion must include your full name, address, telephone number, and the following case name and number: *Dye v. Knight Hawk Coal, LLC, et al.*, Case No. 3:23-cv-03265. You must also sign your request for exclusion.

You must mail your request for exclusion postmarked by **[90 days from mailing of notices]**.

4

**12.  What am I giving up if I do not exclude myself from the settlement?**

**If the Court grants final approval of the class action settlement, you will be bound by the release of claims as provided in the Settlement Agreement, even if you chose not to return a valid and timely Claim Form, unless you have excluded yourself from the settlement in the manner described above.**

**13.  How can I object to the settlement?**

If you want to object to the settlement, you must send a letter saying that you object to the settlement in the case of *Dye v. Knight Hawk Coal, LLC, et al.*, Case No. 3:23-cv-01329.

In your objection, you must include your full name, address, and telephone number and the specific reason(s) why you object to the settlement. Your letter must also indicate whether you intend to appear and object to the settlement at the Fairness Hearing.  You must also sign your letter.

You must mail your objection to both of the addresses below so that it is postmarked no later than [90 days from mailing of notices]. Late objections will not be considered.

| COURT | SETTLEMENT ADMINISTRATOR |
|---|---|
| United States Court House<br>Court Address | [INSERT SETTLEMENT ADMINISTRATOR ADDRESS] |

**14.  What is the difference between objecting and asking to be excluded?**

Objecting is simply telling the Court that you do not like something about the settlement. You can object only if you do not exclude yourself from the settlement. Excluding yourself from the settlement is telling the Court that you do not want to be part of the settlement. If you exclude yourself, you cannot object because the case no longer affects you.

**15.  The Court's Fairness Hearing**

The Court has scheduled a Fairness Hearing on [INSERT DATE AND TIME]  at [insert address].

The hearing may be moved to a different date or time or may be converted to a telephonic or video hearing without notice. So, if you plan to attend, you should call or email the Settlement Administrator or Class Counsel for current information. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court may listen to people who have asked to speak about an objection. At or after the hearing, the Court will decide whether to grant final approval of the settlement.

**You do not have to come to the hearing**. Class Counsel will answer any questions that the Court may have. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend.

If you plan to come to the Fairness Hearing, you must send a letter saying that you intend to appear at the Fairness Hearing. This letter must be postmarked by [90 days from mailing of notices].

You must send your letter to both addresses listed above (the Court and the Settlement Administrator). Your letter must include your full name, address, telephone number, and the case name and case number referenced above.

### 16. Do I have a lawyer in this case?

The Court appointed Nilges Draher LLC as "Class Counsel" to represent you and other Class Members, which means you and other Class Members are effectively clients of Class Counsel. Therefore, by participating in the settlement you are granting permission for certain identifying information to be shared with Class Counsel. You do not have to personally pay Class Counsel. You can reach Class Counsel by phone at (234) 401-9130 and can find more information about Class Counsel at www.ohlaborlaw.com. You may call Class Counsel to discuss any questions you may have about this settlement. If you want to be represented by your own lawyer, and have that lawyer appear in court for you in this case, you may hire one at your own expense.

### 17. How will Class Counsel be paid?

Class Counsel will seek an order from the Court approving their attorney's fees up to one-third of the total settlement amount (or $406,000), plus reimbursement of their out-of-pocket expenses.

### 18. How do I get more information?

This Notice summarizes the proposed settlement. More details about the settlement are in the Settlement Agreement. If you have other questions about the settlement, or if you would like a copy of the Settlement Agreement, you can contact Class Counsel at the telephone number or email below.

**NILGES DRAHER LLC**
Shannon M. Draher
7034 Braucher Street NW, Suite B
North Canton, OH 44720
notice@ohlaborlaw.com
(234) 401-9130

**PLEASE DO NOT CONTACT THE COURT
WITH QUESTIONS ABOUT THE SETTLEMENT**

Dated: _____, 2025

6

*Toby Dye v. Knight Hawk Coal, LLC, et al.*, **3:23-cv-1329**
**United States District Court for the Southern District of Illinois**

Claims Administrator

[NAME]
[ADDRESS]
[ADDRESS]
[PHONE NUMBER]

## CLAIM FORM AND RELEASE INSTRUCTIONS

**In order to receive any portion of the settlement funds described in the Notice of Settlement of Overtime Lawsuit ("Notice"), you must sign, date, and return this Claim Form and Release to the Settlement Claims Administrator postmarked by _____ 2025**

### CHANGES OF ADDRESS

It is **your responsibility** to keep a current address on file with the Settlement Claims Administrator. Please make sure to notify the Settlement Claims Administrator of any change of address.

*Toby Dye v. Knight Hawk Coal, LLC, et al.*, **3:23-cv-1329**
**United States District Court for the Southern District of Illinois**

Settlement Claims Administrator
[Name]
[Address]
[Address]
[Phone]

***[DATE]***.

**CLAIM FORM AND RELEASE**

***THIS FORM MUST BE POST-MARKED OR OTHERWISE SUBMITTED TO THE SETTLEMENT CLAIMS ADMINISTRATOR NO LATER THAN [DATE].***

## I.    CONSENT TO JOIN

I understand that this lawsuit is being brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA") and related state laws.  Pursuant to 29 U.S.C. § 216(b), I hereby consent and agree to join the case of Toby Dye v. Knight Hawk Coal, LLC, et al., Case No 3:23-cv-1329.  I consent and agree to be bound by any action by the Court.  I further agree that the Named Plaintiff in the Action shall act as my agent and make all decisions on my behalf concerning the Action, including the settlement thereof.

I hereby designate the law firm of Nilges Draher LLC to represent me in this action.

## II.    RELEASE

My signature below constitutes a full and complete release and discharge of Knight Hawk Holdings, LLC, Knight Hawk Coal, LLC and ICG Illinois, LLC and their present and former owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, insurers, attorneys, parents, subsidiaries, affiliates, benefit plans, plan fiduciaries, and all persons acting by, through, under or in concert with any of them (the "Releasees") by me and by my respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns, from any and all wage and hour claims, demands, rights, liabilities, expenses, and losses of any kind, that I have, had, or might have had against Knight Hawk Holdings, LLC, Knight Hawk Coal, LLC and ICG Illinois, LLC based on any act or omission that occurred at any time up to and including October 14, 2024, related to any of the facts or claims alleged in this Action or that could have been alleged based on the facts at issue in the Action, even if presently unknown and/or un-asserted, including but not limited to:  The Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et. seq*. and the wage and hour laws and regulations of any state in which (1) I worked for Knight Hawk Holdings, LLC, Knight Hawk Coal, LLC and ICG Illinois, LLC or (2) resided in while employed by Knight Hawk Holdings, LLC, Knight Hawk Coal, LLC and ICG Illinois, LLC and (3) any claims that could be asserted against the Releasees under state, federal, local and/or common law, relating to the failure to pay wages, back wages, overtime, minimum wages, interest on such claims, and attorneys' fees, expenses and costs related to such claims in exchange for my proportionate share of the settlement.

_____          _____
Full Legal Name (please print)                        Signature

_____          _____
Maiden or other names worked under                Street Address

_____          _____
E-mail Address                                            City, State and Zip Code

_____
Telephone Number

8

# Exhibit C

1.      Allen, Rodney
2.      Antonacci, Joseph
3.      Aymer II, Randy
4.      Aymer, Randy
5.      Baker, John Travis
6.      Bathon, Robert
7.      Beldin, Bruce
8.      Bell, Jacob
9.      Bevis, Michael
10.     Bobell, James
11.     Boehm, Larry
12.     Brosamer, Arraon David
13.     Brundage, Dalton
14.     Brown, Brian
15.     Bryant, James
16.     Buesinger, Charles
17.     Bull, Joseph
18.     Bushong, Brett
19.     Butler, Kyle
20.     Cain, Jason
21.     Canady, Cory
22.     Cherry, Scott
23.     Clarida      , James
24.     Clark, Lawrence
25.     Clawson, Kenneth
26.     Croteau, Michael
27.     Davis, Spencer
28.     Davis, Cole
29.     Dintelman, Corey
30.     Dye, Derek
31.     Dye, Toby
32.     Eckles, Trevor
33.     Evans, Garin
34.     Fahl, Jacob
35.     Fenoglio, Kent
36.     Ferguson, Ryan
37.     Follmer, Chris
38.     Foster, Shaun
39.     Fowler, Toby
40.     Garner, John

41.  Glover, Michael
42.  Goforth, Wesley
43.  Gonzales, Michael
44.  Greenwood, Gregory Michael
45.  Grubbs, Samuel
46.  Gumble, Andrew Joseph
47.  Hagan, Eric
48.  Hall, Ted
49.  Hamilton, Kenneth
50.  Hardy, William
51.  Harris, Logan
52.  Helmer    , Daniel
53.  Hergenroeder, Terry
54.  Herrell, Brian
55.  Hoffert, Joshua
56.  Hollers, Matthew
57.  Hopper     , Clint
58.  Housewirth, Nathan
59.  Hullinger, Matthew
60.  Hurley, Robert
61.  Jackson, Ronald
62.  Karhliker, Robert
63.  Kellerman, Kenny
64.  King, Cody
65.  Kirkpatrick, Gavin
66.  Koskey, Eric
67.  Kramer, John
68.  Lackey, Jerry
69.  Laue, Carey
70.  Lemmon, Robert
71.  Lindsey, Justin
72.  Mabry, Tyler
73.  Marsingill, Brian Elgie
74.  May, Justin
75.  Mckinstry, Steven
76.  McReaken, Brett
77.  Miller, Kevin
78.  Miller, Travis
79.  Millwee, Leon
80.  Morris, Dylan

27381498.v1

81.    Morrow, Joshua
82.    Moynahan, Corey
83.    Mullen, Joseph
84.    Newell, Ryan
85.    Newsome, Brent
86.    Nichols, Nathan
87.    Nikolich, Garret
88.    Nikolich, Chad
89.    Nolting, Richard
90.    Oakley, Brandon
91.    Orrison, Zachary
92.    Overturf, Dakota
93.    Paintner, Shane
94.    Patterson, Michael
95.    Phelps, Anthony
96.    Phillips, Matthew
97.    Pierce, Justin
98.    Pitts, Ryan
99.    Prytherch, Tony
100.   Reagon, David
101.   Reagon, Nicholas
102.   Reams, Nate
103.   Rebbe, Bradley Wayne
104.   Rees, Nicole
105.   Rees, Michael
106.   Reynolds, Willaim
107.   Riggs, Kanen
108.   Roach, Robert
109.   Roberson, Daniel
110.   Rowland, Randall
111.   Saathoff, Bailey
112.   Shaughnessy, Nathan
113.   Sitze, Joshua
114.   Sitze, Ryan
115.   Sitze, Dennis
116.   Smillie     Patrick
117.   Smith, Ronald
118.   Smith, Charles
119.   Stephenson, Jason
120.   Stout, Ronald

27381498.v1

121. Street, Justin
122. Street, Eric
123. Suarez, Emilio
124. Suits, Jason
125. Synder, Joseph Matthew
126. Taylor, Nick
127. Teegarden, Joseph
128. Thompson, Jonathan
129. Toro, Angel
130. Turpin, Carl
131. Vosbein, Michael E.
132. Walker, Isaiah
133. Walker, Thomas
134. Webb, Brandon
135. Welch, Chad
136. Wethington, Jabob
137. Wheeler, Rickey
138. Williams, Nathan
139. Wiseman, Zachary
140. Woodvine, Matthew

**Additional class member employees of Knight Hawk Coal**

141. Adams, Jacob
142. Albright, Brandon
143. Alexander, Michael
144. Allen, Aaron
145. Allhands, Thomas
146. Allhands, Trenton
147. Arro, Pete
148. Asbury, Albert
149. Avants, Ezekiel
150. Back, Jamie
151. Baker, Bradley
152. Baker, Hunter
153. Baker, John
154. Barnes, Cody
155. Barnes, Kaylen
156. Bartlow, Joshua
157. Bastien, Everett

158.    Bean, Bradley
159.    Bean, James
160.    Benedict, Justin
161.    Bennett, Darell
162.    Bishop, Brian
163.    Bishop, Caleb
164.    Black, Kyle
165.    Blades, Jeremy
166.    Blair, Jacob
167.    Blazier, Chrstopher
168.    Bodendieck, Philip
169.    Borta, Steven
170.    Borum, Tyler
171.    Bowman, Clint
172.    Bowyer, Cody
173.    Boyd, Charles
174.    Bozovich, Stephen
175.    Braddy, Jared
176.    Brandalise, David
177.    Brandon, Joshua
178.    Bright, Christopher
179.    Broy, Dustin
180.    Bruce, Keith
181.    Bruce, Steven
182.    Brugger, Dylan
183.    Buffington, Wesley
184.    Bulliner, Lyle
185.    Bumann, Darren
186.    Bush, Dustin
187.    Buza, Patrick
188.    Byrley, Shawn
189.    Calvert, Brett
190.    Carlock, Jacob
191.    Carnahan, James
192.    Carns, Todd
193.    Carson, Zeno
194.    Cashion, Anson
195.    Cavinder, Scott
196.    Cavinder, Alex
197.    Choate, Joshua

198.    Church, Ethan
199.    Clark Jr, Danny Ray
200.    Clevenger, Bryan
201.    Clinton, Dylan
202.    Clover, Kenneth
203.    Cluck, Matthew
204.    Cluck, Hank
205.    Cochran Jr, Gary
206.    Coke III, Johnnie
207.    Colacecchi, James
208.    Coleman, Bryce Timothy
209.    Coleman, Ross
210.    Cook, Scott
211.    Cosby, Joshua
212.    Courtway, Trenton
213.    Crawford, David
214.    Crews, Dustin
215.    Crowell, Adam
216.    Cullum, John
217.    Cummings, Jarrad
218.    Darnell, John
219.    Davis, David
220.    Davis, Michael
221.    Dawes, Christian
222.    Dawes, Michael
223.    Dawes II, Randall
224.    Dawson, Nicholas
225.    Dodson, Dwayne
226.    Doolin Jr, James
227.    Dorris, Mark
228.    Dorsey, Jerry
229.    Dozier, Brent
230.    Dudek, Henry
231.    Dudek, Mark
232.    Duke, Troy
233.    Dunk, Jason
234.    Dupuis, Robert
235.    Durham, Christopher
236.    Eisenhauer, Dustin
237.    Endres, Nick

238. Eubanks, David
239. Eubanks, Jared
240. Evans, Jeramy
241. Farmer, Jon
242. Ferguson, David
243. Ferrari, Gary
244. Finney, Kyle
245. Fiorenzi, Benjamin
246. Fisk, Dale
247. Fitch, Kyle
248. Fleming, Joshua
249. Fletcher, Jeremy
250. Fortner, Eric
251. Furlow, Blake
252. Garbo, Jereamy
253. Giacomo, William
254. Gilbert, Rodney
255. Gilliam, Gene
256. Glover, David
257. Goetting, Kevin
258. Goins, Mason
259. Gollhuir, Michael
260. Gollhuir, Gage
261. Graff, Travis
262. Grant, Michael
263. Grob, Andrew
264. Grubbs, Dalton
265. Grubbs, Sammie
266. Guill, Zach
267. Gunter, Thomas
268. Gunter, David
269. Hagene, Colin
270. Hagerman, Troy
271. Hale, James
272. Halstead, Brandon
273. Hammel, Van
274. Hammers, Michael
275. Hampleman, Ronald
276. Hancock, Nicholas
277. Haney, Jacob

278.  Haney, Richard
279.  Harris, Andrew
280.  Hathaway, John
281.  Hawkins, James
282.  Heape, Dennis W.
283.  Heape, Ty
284.  Hellman, Darren
285.  Henning, Robert
286.  Hill, James
287.  Hilliard, Wallace
288.  Hines, Eric
289.  Holland, Rick
290.  Hood, Preston
291.  Hornberger, Jason
292.  Hornbostel, Kyle
293.  Huber, Logan
294.  Hudgens, James
295.  Huie, Jeremy
296.  Huie, Ryan
297.  Humerickhouse, Michael
298.  Hunter, Jace
299.  Huppert, Lane
300.  Hutchens, Matthew
301.  Ing, Jerry
302.  Jackson, Beau
303.  Jeralds, Tim
304.  Jeralds, Matthew
305.  Johnson, Brandon
306.  Johnson, Dylan
307.  Johnson, Tommy
308.  Jones, Caleb
309.  Jones, Dennis
310.  Jones, Kye
311.  Jones, Travis
312.  Kanady, Earl
313.  Kellerman, Derek
314.  Kelly, Andrew
315.  Kendrick, William
316.  Kimbrough, Jeffrey
317.  Kinsell, Dale

27381498.v1

318. Kirk, Darrell
319. Kirkpatrick, Jason
320. Koczorowski, James
321. Kothe, Ethan
322. Kothe, Zachery
323. Kujawa, Jonathan
324. Kujawa, Justin
325. Langley, Tyler
326. Lappin, Rex
327. Laws Jr, George
328. Leadabrand, Michael
329. Leber, Marcus
330. Leeper, Corey
331. Lefler, Scott
332. Lefler, Dallas
333. Lefler, Timothy
334. Levault, Larry
335. Lingle, Trevor
336. Lively, Seth
337. Lomelino, David
338. Lunnemann, Mark
339. Lunnemann Jr, Mark
340. Mabrey, Joshua
341. Maddox, Daniel
342. Maddox, Jeremy
343. Magallanes, Miguel
344. Mangels, Michael
345. Marlow, Ian
346. Martin, Jayson
347. Martin, Daniel
348. Martin, Dylan
349. Martin, Joshua
350. Mason, Anthony
351. Mason, Clint
352. Maxwell, Daniel
353. May, Justin
354. Mays, Jeremy
355. McCluskey, Donald
356. McConnell, Cody
357. McGriff, Patrick

| | |
|---|---|
| 358. | Mckinney, Darrell |
| 359. | McKinney, Steve |
| 360. | McMurray, Scott |
| 361. | Meadows, William |
| 362. | Meadows Jr., Randy |
| 363. | Meek, Elbert |
| 364. | Mefford, Dustin |
| 365. | Menees, Bailey |
| 366. | Middendorf, David |
| 367. | Midgett, Chad |
| 368. | Miller, Kevin |
| 369. | Miller, Nathan |
| 370. | Miller, Charles |
| 371. | Miller, Lance |
| 372. | Miller, Robert |
| 373. | Milner, Devan |
| 374. | Miner, Caleb |
| 375. | Minton, Joshua |
| 376. | Minton, Kyle |
| 377. | Mocaby, Robert |
| 378. | Montgomery, Kenneth |
| 379. | Montoya, Matthew |
| 380. | Moore, Westley |
| 381. | Morgan, Brian |
| 382. | Morgan, Brian |
| 383. | Morris, Christopher |
| 384. | Morse, Cody |
| 385. | Mosley, Brian |
| 386. | Nation, Nicholas |
| 387. | Nelson, Zachary |
| 388. | Newbury, Leslie |
| 389. | Newbury, James |
| 390. | Newbury, Thomas |
| 391. | Newton, Brett |
| 392. | Nichols, Nathan |
| 393. | Norman, Andrew |
| 394. | Norman III, Charles |
| 395. | Norris, Ethan |
| 396. | Norris, Kevin |
| 397. | Null, Samuel |

27381498.v1

398.    Ortega, Brandon
399.    Overturf, David
400.    Overturf, Gregory
401.    Owens, Jacob
402.    Ozbourn, Ronald
403.    Page, James
404.    Pate, Brad
405.    Pedigo, Ryan
406.    Pelate, Anthony
407.    Penny, Tyler
408.    Perkins, Jacob
409.    Petro, Kelly
410.    Phillips, Kevin
411.    Phillips, Justin
412.    Pierce, Steve
413.    Pitchford, William
414.    Porter, Matthew
415.    Porter, Neal
416.    Prior, Charles
417.    Pritchett, Derik
418.    Purcell, Chris
419.    Raban, Justin
420.    Rains, Kalin
421.    Randall, Bobby
422.    Rankin, Eric
423.    Rathert, Kent R.
424.    Rautenstrauch, Casey
425.    Rebbe, Charles
426.    Rebolledo, Francisco
427.    Reeder, Coty
428.    Reeves, Tyler
429.    Reid, Jeffrey
430.    Reiger, Duncan
431.    Reiman, Kenneth W.
432.    Reimann, Ben
433.    Rensing, Marvin
434.    Richey, Benjamin
435.    Richmond, James Michael
436.    Ridgeway, Nathan
437.    Ridgeway, Nathan

27381498.v1

438.    Ridgeway, Danny
439.    Ridgeway, Travis
440.    Rieckenberg, Ross
441.    Roach, Jeff
442.    Roberts, Jason
443.    Robertson, Randy
444.    Rogers, Robert
445.    Rotramel, Dalton
446.    Ruppert, Nathan
447.    Sanders, Thomas
448.    Sawyer, Christopher
449.    Scronce, Dustin
450.    Segatto-Taylor, Michael
451.    Severs, David
452.    Severs, David
453.    Shadowens, Karson
454.    Shimkus, Kyle
455.    Shoraga, Dan
456.    Short, Brett
457.    Sizemore, Shane
458.    Sloat, Dustin
459.    Smith, Gary
460.    Smith, Harvey
461.    Smith, Brian
462.    Smith, Cody
463.    Smith, Dakota
464.    Smith, Ethan M.
465.    Smith, Gary
466.    Smith, Jason
467.    Smith, Joe
468.    Smith, Kyle
469.    Smith, Lonnie
470.    Smith, Nathanael
471.    Smith, Tanner
472.    Smith, Virgil
473.    Spangler, Rodney
474.    Spiller, Terrence
475.    Stacey, Joshua
476.    Stephenson, Cody
477.    Stewart, Dylan

478. Stritzel, David
479. Stubblefield, Greg
480. Stutes, Eric
481. Sudmeyer, Kyle
482. Sullivan, Joseph
483. Swigonski, Logan
484. Swigonski, Samuel
485. Swisher, Charles
486. Tango, Danny
487. Tate, Travis
488. Taylor, Jeffrey
489. Thies, Bradley J.
490. Thomas, Bryan
491. Todich, Matthew
492. Toigo III, John
493. Tolbert, Ethan
494. Toler, Derek
495. Tomlinson, George
496. Turner, Jonathan
497. Vancil, Matthew
498. Vanfossan, Brent
499. Varacalli, Nicholas
500. Vaughn, Stephen
501. Vuichard, Eric
502. Vuichard, Zachary
503. Wade, Brian
504. Wagley, Travis
505. Walker, Kyle
506. Waller, John
507. Ward, William
508. Warren, Eric
509. Waychoff, John
510. Webb, Scott
511. Wiggins, Shawn
512. Wilburn, Steve
513. Wilburn, Dakoda
514. Wilkerson, Kyle
515. Wilks, Jordan
516. Williams, Jesse
517. Williams, Jason

518.    Wilson, Cody
519.    Wilson, Donavan
520.    Wilson, Robert
521.    Wink, Jonathon
522.    Wink, Nekko
523.    Winterberg, Michael
524.    Wisely, Floyd R.
525.    Wolf, Joshua
526.    Wood, Shawn
527.    Woodside, Adam
528.    Woolard, Jason
529.    Wright, Matthew
530.    Yancik, Bradley
531.    Young, Jeremy
532.    Young, Thomas
533.    Zemla, Alex

**Additional class member employees of ICG**

534.    Adams, Daniel
535.    Agee, Jamison
536.    Barnes, Colby
537.    Bruce, Cory
538.    Collins, Donald
539.    Dees, Patrick
540.    Eller, Colby
541.    Eskew, Robert
542.    Evans, William
543.    Fink, Seth
544.    Glover, David
545.    Gumble, Daniel
546.    Haddick, Brian
547.    Jelley, Bobby
548.    Kern, Timothy
549.    Klauzer, Zachery
550.    Langheim, Dalton
551.    McGill, Raymond
552.    McGown, Christopher
553.    Mechol, Bradly
554.    Muchorski, Matthew

27381498.v1

555. Nation, Nicholas
556. Nation, Joshua
557. Peacock, Darin
558. Rebbe, Charles
559. Reveter, Donald
560. Sanson, Allen
561. Schemmer, Dustin
562. Shutz, Tayler
563. Sims, Adam
564. Street, Justin
565. Thomas, Jeffrey
566. Thompson, April
567. Trail, David
568. Tumulty, Jeremy
569. Walters, Jack
570. Wicks, Ryan
571. Wilson, Jeremy