IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TOBY DYE**, on behalf of himself and others similarly situated, | ) Case No. 3:23-cv-01329-DWD |
| Plaintiff, | ) Judge David W. Dugan |
| vs. | ) |
| **KNIGHT HAWK COAL, LLC**, et al. | ) **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| Defendants. | ) |

Representative Plaintiff Toby Dye ("Representative Plaintiff") and Defendants Knight Hawk Coal, LLC, Knight Hawk Holdings, LLC, and ICG Illinois, LLC ("Defendants") have moved the Court, pursuant to Fed. R. Civ. P. 23(e), for entry of an Order as follows:

1. Designating Representative Plaintiff as the Class Representative;

2. Provisionally certifying the proposed settlement class;

3. Preliminarily approving the Representative Plaintiff's request for service award payments as provided in the Class Action Settlement Agreement and Release ("Agreement");

4. Designating Representative Plaintiffs' Counsel as Class Counsel;

5. Preliminarily approving Class Counsel's request for attorneys' fees and costs;

6. Directing distribution of the proposed notice of class action settlement to the Rule 23 Class Members as outlined in the Agreement; and,

7. Scheduling a Fairness Hearing to take place approximately <u>120 days</u> after granting preliminary approval of the Parties' class action settlement.

Having reviewed the Agreement, as well as the Parties' Joint Motion for Preliminary Approval of Class Action Settlement ("Motion for Approval"), the Declaration of Shannon M. Draher appended thereto, and the pleadings and papers on file in this Action, and for good cause established therein, the Court hereby enters this Order granting preliminary approval of the Class Action Settlement, and approving notice to the Class Members as follows:

1. Unless otherwise defined, all terms used in this Order have the same meanings as defined in the Agreement.

2. The Parties have litigated this case for over a year-and-a half. Representative Plaintiff filed the above captioned action on April 24, 2023 (the "Action"). ECF No. 1. Representative Plaintiff filed an Amended Complaint on July 7, 2023, adding Knight Hawk Holdings, LLC and ICG Illinois, LLC as defendants. ECF No. 33. In the Action, Representative Plaintiff claims that Defendants did not pay its underground coal mining employees for certain pre-shift and post-shift work, such as donning and doffing required safety clothing and other protective equipment. *Id.* Representative Plaintiff alleges that Defendants' failure to pay for this work resulted in unpaid overtime compensation to him and other similarly situated employees in violation of the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"). *Id.* Defendants filed an Answer to the Amended Complaint on August 10, 2023. ECF No. 44.

3. On August 7, 2023, Representative Plaintiff filed a Motion for Conditional Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs. ECF No. 43. On

September 5, 2023, Defendants filed a Response Opposition to the Motion for Conditional Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs. ECF No. 49.

4. On June 21, 2024, the Court entered an Order granting Representative Plaintiff's Motion for Conditional Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs. ECF No. 59. In that Order, the Court conditionally certified the collective action and authorized notice be sent to: "All current and former hourly employees of Defendants engaged in underground mining in Illinois at any time from April 24, 2020, to the present, and worked more than forty (40) hours in a least one workweek." ECF No. 59. Following that Order, notice of the Action was sent in the form and manner directed by the Court. As of the date of the Parties' joint motion, 141 individuals (excluding Representative Plaintiff) have filed consent to join forms (the "Opt-In Plaintiffs").

5. The Parties attended two separate mediation sessions after engaging in formal and informal discovery. This discovery enabled the Parties to understand and assess the detail and substance of their respective claims and defenses. Class Counsel engaged an expert to create a damages model that was shared with Defendants.

6. The Agreement resolves the individual and class claims of the Representative Plaintiff and the Rule 23 Class Members. The Agreement is subject to approval by the Court pursuant to Fed. R. Civ. P. 23(e).

7. The issues in this case were contested. The Agreement was achieved after apparent arms-length and good faith negotiations between the Parties and their Counsel. The negotiations were facilitated by a third-party neutral.

8. The Agreement is PRELIMINARILY APPROVED as to the Rule 23 Class Members' claims as provided in the Agreement, for notice purposes as appearing on its face to be fair, reasonable, and adequate, and as being the product of serious, informed, and extensive arm's length negotiations between the Parties and their Counsel. In making these findings, the Court considered the nature of the claims, the relative strength of the class's claims, the amounts and kinds of benefits to be paid, the allocation of settlement proceeds, and the fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. Accordingly, it is apparent to the Court that the Agreement was entered into in good faith.

9. As to the Representative Plaintiff and the Rule 23 Class he seeks to represent, the Court finds that the proposed settlement class qualifies for provisional certification under Rules 23(a) and 23(b)(3). The proposed settlement class satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority. The Representative Plaintiff is an adequate representative of the Class because he is a member of the Class, and he possesses the same interests and suffered the same alleged injuries as other Class Members. The definition of the Rule 23 Class encompasses persons with like factual circumstances and like claims. The settlement payments made available to the Rule 23 Class Members are commensurate with their claims. The Court finds that the record before it suggests that there is sufficient basis to conclude preliminarily that the parties' proposed Agreement is fair, reasonable, and adequate as to the Rule 23 Class.

10. Therefore, the Court provisionally certifies the Rule 23 Class pursuant to Rule 23(a) and (b)(3).

11. The Court approves Toby Dye as the Class Representative, and appoints as Class Counsel, Shannon M. Draher of Nilges Draher LLC.

12. The Court provisionally approves the service award payments for Representative Plaintiff and the Discovery Class Opt-In Plaintiffs as outlined in the Agreement.

13. The Court provisionally approves the payment of attorneys' fees and expenses to Class Counsel as provided in the Agreement.

14. The Court approves the proposed class notice as to substance, form, and manner of distribution, and orders that it be distributed to Rule 23 Class Members in the manner described in the Agreement.

15. The Court directs that the Rule 23 Class Members be given notice of the pendency of this Action, the proposed Agreement, and the date of a hearing ("the Fairness Hearing") at which final approval of the proposed Agreement will be considered.

16. The Fairness Hearing will be held on **May 13, 2025, at 10:00 am at the Melvin Price Federal Courthouse, East St. Louis, Illinois** as outlined in the approved class notice, the hearing may be moved to a different date or time without notice. It may also be converted from in-person to remote video and/or telephone.

17. Rule 23 Class Members objecting to the Agreement must timely file objections in the time and the manner set forth in class notice. Specifically, Rule 23 Class Members must take such steps not later than <u>90 days</u> after the mailing of the class notice.

18. The Parties shall file a joint motion in support of Final Approval of the Settlement Agreement no later than <u>14 days</u> prior to the Fairness Hearing. Along with their motion, they shall file with the Court a declaration verifying that the class notice was distributed to the Rule 23 Class Members in the form and manner approved herein.

SO ORDERED

January 9, 2025

_____
David W. Dugan
United States District Judge